UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 ANA JASSO,
D-2 RONALD LEE JACKSON, and
D-3 LARRY SMITH SR.,

Defendants.
_____/

Case: 2:24-cr-20585
Assigned To : Murphy, Stephen J., III
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 10/15/2024
Description: IND SEALED MATTER (AB)

Violations:
18 U.S.C. § 1956(h)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

## Indictment

The Grand Jury charges that:

### Count One
### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

D-1 ANA JASSO
D-2 RONALD LEE JACKSON
D-3 LARRY SMITH SR.

From in or around March 2019, through on or about October 31, 2020, in the Eastern District of Michigan, and elsewhere, the defendants, D-1 ANA JASSO, D-2 RONALD LEE JACKSON, and D-3 LARRY SMITH SR., knowingly and intentionally combined, conspired,

confederated, and agreed with each other and with persons known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

    (a)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transportation, transfer, deposit, and transmission of bulk United States currency and funds, which involved the proceeds of a specified unlawful activity, that is, possession with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing, while conducting and attempting to conduct such a financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, transfers and exchanges of United States currency, such property having been derived from a specified unlawful activity, that is, possession with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21,

United States Code, Sections 846 and 841(a)(1); in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## Count Two
### Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances
### 21 U.S.C. §§ 846 & 841(a)(1)

D-2 RONALD LEE JACKSON
D-3 LARRY SMITH SR.

From in or around March 2019, through on or about October 31, 2022, the defendants, D-2 RONALD LEE JACKSON and D-3 LARRY SMITH SR., knowingly and intentionally combined, conspired, confederated, and agreed with each other and with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to defendant RONALD LEE JACKSON, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture

4

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to defendant LARRY SMITH SR., the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

### Count Three
**Laundering of Monetary Instruments
18 U.S.C. § 1956(a)(1)(B)(i)**

D-2 RONALD LEE JACKSON

On or about May 7, 2020, in the Eastern District of Michigan, the defendant, RONALD LEE JACKSON, knowingly conducted and attempted to conduct a financial transaction affecting interstate and

foreign commerce, that is, the transfer of bulk United States currency, which involved the proceeds of a specified unlawful activity, that is, possession with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit those offenses, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**Count Four**
**Distribution of Fentanyl**
**21 U.S.C. § 841(a)(1)**

D-2 RONALD LEE JACKSON
D-3 LARRY SMITH SR.

On or about October 6, 2022, in the Eastern District of Michigan, the defendants, RONALD LEE JACKSON and LARRY SMITH SR.,

knowingly and intentionally distributed a controlled substance, that is, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(vi).

## Forfeiture Allegations

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 924(d) together with Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

Under Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 and/or 846, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offenses charged in Counts One and/or Three, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

As part of the forfeiture in this case, the United States intends to seek entry of a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**This is a True Bill.**

/s/ Grand Jury Foreperson
Grand Jury Foreperson

DAWN N. ISON
United States Attorney

/s/ Benjamin Coats
Benjamin Coats
Chief, Drug Task Force Unit

/s/ Thomas Franzinger
Thomas Franzinger
Assistant United States Attorney

Dated: October 15, 2024

| United States District Court<br>Eastern District of Michigan | C | Case: 2:24-cr-20585<br>Assigned To : Murphy, Stephen J., III<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 10/15/2024<br>Description: IND SEALED MATTER (AB) | |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _(signature)_ |

**Case Title:** USA v. Ana Jasso, et. al.

**County where offense occurred :** Wayne

**Check One:**    ☒ Felony        ☐ Misdemeanor        ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

10/15/2024
Date

_(signature)_
Thomas Franzinger, Assistant U.S. Attorney
211 W. Fort St., Ste 2001
Detroit, MI 48226
Fax:   313-226-3265
E-Mail address:  Thomas.Franzinger2@usdoj.gov
Attorney Bar #: DC1005000

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.